## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Lisa M. Knitter ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 11-cv-1365-JWL-JPO |
| ) | |
| Picerne-Military Housing, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## **STIPULATED PROTECTIVE ORDER**

Upon the stipulation and agreement of Plaintiff Lisa Knitter and Defendant Picerne-Military Housing, LLC (collectively, "the Parties"), the Court hereby finds the following:

A. The Parties are engaged in discovery in this employment discrimination case that may require the production of documents, the inspection of tangible things, the answering of interrogatories and requests to admit, the taking of oral or written depositions, and the conducting of physical or mental examinations of Plaintiff.

B. In the course of discovery, confidential personnel, medical, personal, financial or other confidential information is likely to be produced by the Parties or other individuals or entities.

C. The parties are interested in permitting discovery to proceed without delay occasioned by possible disputes over the confidential nature of the documents and/or information being produced.

D. The Parties, pursuant to the Scheduling Order entered in this case on February 9, 2012, have applied to the Court for this Stipulated Protective Order limiting the

        disclosure of confidential documents and information produced in this case and have stipulated hereto.

E.     Federal Rule of Civil Procedure 26(c) provides for the issuance of a protective order limiting the disclosure and use of information and documents for good cause.

F.     Good cause exists for the issuance of this Protective Order.

IT THEREFORE IS ORDERED THAT:

1.     The term "documents or information" shall include all documents or information in any form whatsoever, whether on paper, videotape or audiotape, diskette, computer storage, or otherwise.

2.     The term "Person" shall mean any natural person and any corporation, partnership, association, or other entity.

3.     The term "Party" shall mean Plaintiff Lisa Knitter or Defendant Picerne-Military Housing, LLC, and any other Person that may become a named party in this lawsuit.

4.     A Party may designate documents or information in this litigation as "Confidential Information" that meet the requirements herein.

5.     Documents or information may be designated as "Confidential Information" if the documents or information contain medical information; financial information; personnel files; trade secrets; confidential research, development, or commercial information; or other information that would meet the qualifications for entry of a protective order under Fed. R. Civ. P. 26(c).

6.     A Party may designate Confidential Information by stamping or otherwise affixing a label or sticker stating "Confidential Information" to the documents or information so

designated at the time of their production.

7. If a Party inadvertently fails to mark an item as "Confidential Information" at the time of production, that Party shall have 30 days from discovery of the failure in which to correct its failure. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked "Confidential Information." Within 10 business days of receipt of the substitute copies, the Party receiving the substitute copy shall either return the previously unmarked items and all copies thereof to the producing party or destroy all such unmarked items and copies and inform the producing party of such destruction in writing.

8. In the case of depositions, if counsel for any Party believes that a question or answer contains Confidential Information, counsel shall so state on the record and shall request that the specific pages that include such Confidential Information be included in a separate, sealed portion of the transcript. The reporter shall be instructed to include on the cover page of each sealed portion the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith." When testimony designated as Confidential Information is elicited during a deposition, Persons not entitled to receive such information under the terms of this Protective Order shall be excluded from the deposition. Counsel attending a deposition who inadvertently fails to designate any portion of the transcript as Confidential Information on the record at the deposition shall have 30 days, following mailing of the transcript by the court reporter, in which to correct such failure. Such correction and notice thereof shall be made in writing to the reporter, with copies to all other counsel, designating the portion(s) of the transcript that constitute Confidential Information, and directing the reporter to place the same under seal as provided in this paragraph and to exclude the sealed

pages from the unsealed portion of the transcript.  Within 10 business days of receipt of the substitute transcripts, the Party receiving the substitute transcript shall return the unmarked transcript and all copies thereof to the Party substituting the transcript or destroy all copies of the transcripts and notify in writing the Party substituting the transcript of the destruction.  The Party substituting the transcript shall bear all additional court reporter costs associated with re-issuing the transcript.

      9.      Unless and until the Court rules to the contrary, or the Parties otherwise agree in writing, Confidential Information may not be disclosed to any person other than:

        a.      The Court, court personnel, any court or shorthand reporter or typist used to record or transcribe testimony, and jurors or alternate jurors;

        b.      A Party, including any officer, director, employee, agent, or representative of an attorney for a party;

        c.      Counsel of record of a Party and their legal associates, paralegals, and office staff;

        d.      In-house counsel for a Party and their paralegals and office staff;

        e.      Outside experts, consultants, advisors, and analysts retained or consulted for the purpose of assisting a Party in the preparation and trial of this case; and

        f.      Witnesses being deposed; and

        g.      Court reporters and videographers in connection with the recording of sworn testimony;

      10.      If any Confidential Information is disclosed to a non-Party as provided in Paragraphs 9(e) and 9(f), that individual shall be provided with a copy of this Protective Order prior to reviewing the Confidential Information and shall execute the declaration attached hereto

as Exhibit 1 attesting that the person has reviewed this Protective Order and agrees to its terms.

11.     Counsel desiring to disclose Confidential Information to any Person other than those designated in Paragraph 10 must obtain the written permission of opposing counsel.  The Person to whom disclosure is sought must then execute the declaration attached as Exhibit 1, attesting that they have read this Protective Order and agree to its terms.  If opposing counsel does not give written consent, there shall be no disclosure to such Person except by further order of the Court on a motion brought by counsel for the Party seeking disclosure.

12.     Confidential Information shall be used by the Parties and Persons to whom the Confidential Information is disclosed solely for the preparation and trial of this case and shall not be used or disclosed for any other purpose, unless ordered by the Court, or another Court with jurisdiction, or any administrative agency with jurisdiction.  The Parties agree that on written notice to the disclosing Party, Confidential Information may be used to defend ethical or other complaints arising after the final resolution of this matter as long as the confidential status and the use of such documents is subject to protections substantially the same as those set forth in this Protective Order.

13.     Confidential Information shall not be filed with the Court, unless the Parties agree in writing to such filing or unless it is filed under seal.

14.     Disputes about the propriety of a designation of "Confidential Information" shall be handled as follows.  Upon written notice to the party designating the information as Confidential Information ("Designating Party") of the intention of counsel for another Party to declassify any information designated as "Confidential Information," the Designating Party shall, within 14 calendar days after receiving such notice, state whether it objects to declassification. In the event that the Designating Party objects, counsel for the party desiring declassification and

counsel for the Designating Party shall promptly, but in no more than three business days, make a good-faith effort to resolve the matter. Failing resolution, the party seeking declassification may make a motion to the Court to remove classification and allow disclosure, and shall bear the burden of demonstrating that the material is not confidential, proprietary, or otherwise subject to protection under Fed. R. Civ. P. 26(c). During the pendency of the motion, the classification as Confidential Information shall remain in effect.

15. A Party's consent that another Party may disclose Confidential Information to a Person does not prejudice the consenting Party's right to object to the disclosure of the same or other Confidential Information to a different Person.

16. After final resolution of this action, including exhaustion of appellate remedies, counsel for the Parties shall return all copies of Confidential Information to the Party that disclosed it or shall destroy such Confidential Information and certify the destruction to the Party that disclosed it, except to the extent that such Confidential Information has been incorporated into any document filed with the Court or entered as an exhibit. Final resolution of this matter shall not terminate the limitations on use and disclosure imposed by this Protective Order.

17. Nothing in this Protective Order shall:

    a. Restrict the right of any Party to disclose any Confidential Information produced or provided by that Party to any other Person;

    b. Restrict the Right of any Party to use any Confidential Information in any hearing or trial in this case, provided that the Parties agree to cooperate prior to any such hearing or trial to develop appropriate procedures for the protection of Confidential Information from disclosure to the public, including seeking an Order providing, to the fullest extent possible, that

the use or disclosure of trial or hearing testimony and trial or hearing exhibits shall be subject to the same limitations and restrictions as are provided for Confidential Information;

   c. Prevent any Party from objecting to discovery that the Party believes it improper for any reason;

   d. Preclude any Party from seeking any further or additional protection for Confidential Information;

   e. Alter the Parties' requirements to comply with section II(J) of the Administrative Procedures for Electronic Filing, Signing, and verifying Pleadings and Papers by Electronic Means in Civil Cases.

  ORDERED this 5th day of March 2012

             s/ James P. O'Hara
            James P. O'Hara
            U.S. Magistrate Judge

Approved by:

s/Manesh K. Rath_____
Manesh K. Rath* (Lead Counsel)
Robert A. Sheffield*
Keller and Heckman LLP
1001 G Street, NW, Suite 500 West
Washington, DC  20001
Tel.:  (202) 434-4182 (Mr. Rath)
Tel.:  (202) 434-4139 (Mr. Sheffield)
Fax:  (202) 434-4646
E-mail:  rath@khlaw.com  sheffield@khlaw.com

s/Stephanie N. Scheck_____
Stephanie N. Scheck (#17641) (Local Counsel)
STINSON MORRISON HECKER LLP
625 N. Waterfront Pkwy, Suite 300
Wichita, KS  67206-6620
Tel.:  (316) 265-8800   Fax:  (316) 265-1349

E-mail:  sscheck@stinson.com

*Attorneys for Defendant Picerne-Military Housing, LLC*

\* Admitted Pro Hac Vice


s/Randall K. Rathbun
Depew Gillen Rathbun & McInteer LC
8301 E. 21st Street N., Suite 450
Wichita, KS  67206-2936
Tel:  316-262-4000  Fax:  316-265-3819
E-mail:  randy@depewgillen.com

*Attorney for Plaintiff*

**Exhibit 1**

**Declaration Re: Protective Order**

Declaration of _____

1. My address is _____.

2. My present occupation is _____.

3. I have received a copy of the Protective Order entered in connection with the case captioned *Knitter v. Picerne-Military Housing, LLC*, Case No. 11-cv-1365-JWL-JPO (D. Kan.). I have carefully read and understand the provisions of the Protective Order.

4. I shall comply with the provisions of the Protective Order. I shall hold in confidence, shall not disclose to anyone other than those persons specifically authorized by the Protective Order, and shall not copy or use except for in the proceedings concerning the matters in issue between the Parties, any information designated "Confidential information" that I receive in this action.

Executed this \_\_\_\_day of _____, 201\_\_.

I declare under penalty of perjury that the foregoing is true and correct.

_____
SIGNATURE

_____
PRINTED NAME